IN THE UNITED STATES DISTRICT COURT
                              FOR THE
                    MIDDLE DISTRICT OF PENNSYLVANIA

HENRY M. GREER,                      :
                                     :
          Petitioner                 :
                                     :
     v.                              :    CIVIL NO. 3:CV-13-229
                                     :
COMMONWEALTH OF PENNSYLVANIA,        :
                                     :    (Judge Conaboy)
                                     :
          Respondent                 :
_____

# MEMORANDUM
## Background

This is the latest in a long series of pro se petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Henry Greer, an inmate presently confined at the Forest State Correctional Institution, Marienville, Pennsylvania (SCI-Forest). Petitioner has also submitted an in forma pauperis application which will be granted for the sole purpose of the filing of this matter with this Court.

According to the petition amd accompanying exhibits, Greer was convicted of rape and robbery on March 21, 1980 (No. 1009 C.A. 1979) following a jury trial in the York County, Pennsylvania Court of Common Pleas. The Petitioner was subsequently sentenced by Judge Erb on August 8, 1980 to an aggregate fifteen (15) to thirty

1

(30) year term of imprisonment.[1] See Comm. v. Greer, 554 A.2d 980, 982 (Pa. Super 1989).

Greer again went on trial in York County on May 14, 1980 with respect to additional, unrelated charges of rape, burglary and aggravated assault (No. 1060 C.A. 1979). He was found guilty of those offenses following a jury trial. On August 8, 1980, Petitioner states that he was sentenced by Judge Cassimatis to a ten (10) to twenty (20) year term on the rape charge, a suspended sentence was imposed on the aggravated assault charge and a five (5) to ten (10) year term was imposed on the burglary charge. The rape and burglary sentences were allegedly imposed to run consecutively to the sentence imposed by Judge Erb.

Petitioner presently claims entitlement to federal habeas corpus relief on the basis that the above described convictions and sentences were illegal.

## **Discussion**

Greer has filed at least five (5) prior § 2254 petitions with this Court. In Greer v. Vaughn, Civil No. 3:CV-02-447, Petitioner challenged the 1980 conviction before Judge Cassimatis on the following grounds: 1) the evidence was insufficient to support the jury's finding of guilt; (2) trial counsel was ineffective for not requesting a demurrer of charges; (3) he was

---

1. He was sentenced to ten (10) to twenty (20) years on the rape charge and a consecutive five (5) to ten (10) term on the robbery conviction.

denied his right to a direct appeal; and (4) his conviction was based on evidence obtained in an illegal search and seizure.[2]

By Memorandum and Order dated April 2, 2002, Greer's petition for writ of habeas corpus was dismissed as untimely filed pursuant to 28 U.S.C. § 2244(d). The United States Court of Appeals for the Third Circuit thereafter denied Greer's request for a certificate of appealability.

Petitioner next filed a habeas corpus petition challenging the conviction before Judge Erb, Greer v. Digugliemo, Civil No. 3:CV-05-264. His petition alleged that the Commonwealth: (1) allowed the false testimony of a prosecution witness to go uncorrected and (2) withheld exculpatory evidence of eyewitness testimony at Preliminary Hearing." Doc. 1, ¶ 12(a). Greer added that because his claims were premised on fraudulent conduct, they were not time barred for purposes of federal habeas corpus review. By Memorandum and Order dated February 22, 2005, this Court concluded that Greer's action was subject to dismissal under 28 U.S.C. § 2244(b) as being a second or successive petition. The Third Circuit Court of Appeals, by decision dated August 3, 2005, denied Greer's application for a certificate of appealbility,

---

2. His prior federal habeas actions also include Greer, v. Vaughn, Civil No. 3:90-CV-2031 and Greer v. Commonwealth, Civil No. 3:95-CV-1555. Both cases resulted in entries of dismissal which were affirmed by the Court of Appeals for the Third Circuit.

3

noting that this Court did not err by entering dismissal under § 2244.

In Greer v. Digugliemo, Civil No. 3:CV-07-727, Petitioner claimed entitlement to federal habeas corpus relief on the basis that the above described sentences were illegally consolidated by Judges Erb and Cassimatis. By Memorandum and Order dated May 7, 2007 Petitioner's action was similarly dismissed under § 2244(b) as being a second or successive petition. The Third Circuit Court of Apeals denied Greer's request for a certificate of appealability on October 2, 2007.

28 U.S.C. § 2244(a) and Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977), set forth the pertinent authority for determination as to whether second or successive § 2241 habeas corpus petitions may be reviewed by federal district courts. See Graham v. Warden, FCI-Allenwood, 2009 WL 326010 *1 (3d Cir. Oct. 13, 2009)(§ 2244(a) bars second or successive challenges to the legality of detention).

The Supreme Court in McCleskey vs. Zant, 499 U.S. 467, 483 (1991) expanded § 2244 to also preclude a person from raising a new claim in a subsequent habeas petition that he could have raised in his first habeas petition:

> Our most recent decisions confirm that a petitioner
> can abuse the writ by raising a claim in a
> subsequent petition that he could have raised in his

4

> first, regardless of whether the failure to raise it
> earlier stemmed from a deliberate choice.

McCleskey, 499 U.S. at 489.

It is clear that the Petitioner initiated at least five (5) prior habeas corpus actions with this Court. A comparison of Greer's most recently denied federal habeas petitions establishes that they challenged the same convictions which are the subject of his pending petition. Assuming that Petitioner's current matter is raising an argument which was previously not asserted before this Court; Greer has not presented any sound argument as to why his earlier petitions failed to include his present claims. In addition, Petitioner has failed to show that his instant claim falls within the statutory exceptions outlined above.

There is also no indication that Petitioner has been granted leave to file a second or successive habeas corpus petition by the United States Court of Appeals for the Third Circuit. Consequently, under the standards announced in McCleskey and the requirements set forth in § 2244(b), Greer's pending case is a second or successive petition which cannot be entertained by this Court. An appropriate Order will enter.

         S/Richard P. Conaboy
         RICHARD P. CONABOY
         United States District Judge

DATED: FEBRUARY 12, 2013